### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
### 2nd CIVIL DIVISION

**GARY JONES**                                                    **PLAINTIFF**

v.                                    NO: _35cv-17-5_

**MONDI BAGS USA, LLC**                                           **DEFENDANT**

## COMPLAINT

COMES NOW the Plaintiff, Gary Jones, by and through his attorney, Mickey Stevens, and

for his Complaint as follows:

**1.**     Plaintiff brings his claim of wrongful discharge in violation of public policy against

Defendant Mondi Bags, LLC.

### THE PARTIES

**2.**     Gary Jones is an individual who was previously employed at Mondi Bags, LLC in

Pine Bluff, Arkansas and was terminated on September 28, 2016.

**3.**     Mondi Bags, LLC, is, upon information and belief, a Delaware Corporation doing

business in Pine Bluff, Arkansas and is engaged in the manufacture of bags and packaging for

various types of products.

### JURISDICTION AND VENUE

**4.**     This Court has subject matter jurisdiction pursuant to Ark. Code Ann. § 16-13-201

**5.**     The corporate defendant has a large manufacturing and warehouse facility within

the state, employs citizens of the state, is registered as a foreign corporation with the Arkansas

Secretary of State, and regularly transacts other business within the state. Therefore, the corporate

defendant has substantial contacts within the state which are more than enough to establish

personal jurisdiction in the state courts.

**6.**     The individual defendant is, upon information and belief, a resident of Jefferson

FILED IN MY OFFICE AND SUMMONS
ISSUED AT _4:09_ O'CLOCK _P_ M
_1-09-17_ DATE
LAFAYETTE WOODS, SR., CLERK
_Lisa    Jones    D.C._

1

County, Arkansas and is, therefore, subject to the personal jurisdiction of this Court.

      7.     Venue is proper pursuant to Ark. Code Ann. § 16-60-101 because a substantial part of the events giving rise to the cause of action occurred in Jefferson County, Arkansas, the individual defendant, upon information and belief, resides in Jefferson County, Arkansas, the corporate defendant's principal office within the state is located in Jefferson County, Arkansas, and the plaintiff resides in Jefferson County, Arkansas.

### FACTUAL ALLEGATIONS

      8.     Gary Jones began his employment with Mondi Bags, LLC, ("Mondi") in Pine Bluff, Arkansas in November of 2014.

      9.     Gary Jones was employed at Mondi as a fork lift driver until September 28, 2016.

      10.     Due to the hazards involved in the operation of forklifts in confined spaces, employees were required to enter the warehouse through the main entrance and were required to notify the Logistics Manager or Assistant upon entering the warehouse.

      11.     Signs were posted at other entrances informing pedestrians that they were required to enter through the main entrance and that they must have permission from the Logistics Manager or Assistant to enter the warehouse work area.

      12.     On September 20, 2016, Gary Jones was operating a forklift in the Mondi warehouse when a maintenance worker entered the warehouse through a side entrance.

      13.     The maintenance worker failed to inform anyone that he had entered the warehouse and Gary Jones was unaware of his presence.

      14.     An incident occurred where the maintenance worker was being carried by another forklift on a scissor lift almost struck the forklift Jones was operating.

      15.     As required by regulations of Occupational Safety and Health Administration

2

(OSHA), Gary Jones filed a "near miss" incident report.

16.     The following day, September 21, 2016, when Gary Jones arrived at work, he was summoned by Chis Fischer and another supervisor.

17.     Fisher and the other supervisor attempted to discourage Gary Jones from reporting the true facts of the incident.  Fisher and the other supervisor attempted to get Jones to say that the maintenance worker was not on the scissor lift.  Gary Jones insisted on the reporting the incident as it happened.

18.     Gary Jones believes that Fisher and the other supervisor did not want the facts reported because there had been other safety issues and incidents which would reflect badly on the company in regards to its compliance with OSHA regulations.

19.     Gary Jones continued to work until September 25, 2016.  On September 25, 2016, Chris Fisher informed Gary Jones that he was suspended for three (3) days because of the incident that occurred on September 20, 2016.

20.     On the same day that he was suspended, September 25, 2016, Chris Fischer gave Gary Jones a letter of recommendation in regards to a transfer within the company Jones had requested. The letter stated that Jones was a "dedicated employee" and Fischer gave him his "highest recommendation."

21.     On the next day, September 26, 2016, OSHA audited the facility.  Jones believes that the management of the warehouse knew about the upcoming audit when he was suspended and that he was suspended because he refused to alter the report of the September 20, 2016 incident.

22.     OSHA's Powered Industrial Truck Standard, at 29 CFR 1910.178, requires that refresher training in relevant topics be given to operators involved in a near miss.

23.     When Gary Jones returned to work on September 28, 2016, he was informed that he was being terminated because of "write-ups."

24.     Prior to September 28, 2016, Gary Jones had not been informed of any "write-ups" against him.

25.     One of the "write-ups" was supposedly because Gary Jones left work early on September 15, 2016.  Gary Jones had permission to leave early on this date and was accompanied to the parking lot by his supervisor.

26.     Another of the "write-ups" concerned an incident where Gary Jones pulled an extension cord down from the ceiling with his forklift.  The cords were supposed to be kept tied up but the management of the warehouse failed to make sure this was done.  Other forklift drivers had pulled cords down from the ceiling many times and they were not written up or disciplined in any way.  Gary Jones had complained about the cords not being tied up many times but his complaints were ignored.

27.     Safety rules were often ignored in the warehouse and the management of the facility seemed to be unconcerned about safety issues.  Gary Jones had often reported safety concerns to his supervisors but his complaints were almost always ignored and sometimes were met with hostility on the part of management.

28.     Gary Jones was informed that the decision to terminate him was made by Carlos…. And that he was being terminated because of the OSHA audit.

29.     Other forklift drivers have been involved in significantly more serious incidents than the one which lead to Gary Jones' suspension and these other drivers have not been subjected to any discipline.

## Wrongful Discharge in Violation of Public Policy

**30.**    Appellant incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

**31.**    Generally, insuring the safety of employees in the workplace is a well-established public policy of the State of Arkansas.  See Ark. Code Ann. § 11-5-101, *et. seq.* & the Industrial Health Service Act, Ark. Code Ann. § 11-5-201, *et. seq.*

**32.**    Specifically, as illustrated by Ark. Code Ann. § 11-5-207, it is the public policy of the State of Arkansas that employees should not be exposed to conditions in their workplace which may have an adverse effect on their health or safety.

**33.**    Defendants terminated Gary Jones because he refused to falsify the incident report regarding the "near-miss" that occurred on September 20, 2016.

**34.**    Because of the incident report filed by Gary Jones, OSHA became aware of a significant workplace safety issue at the facility.

**35.**    The incident report filed by Gary Jones regarding the "near-miss" incident was an act done in the public interest and comports with the public policy of the State of Arkansas regarding workplace safety.

**36.**    Gary Jones' refusal to falsify the incident report was an act done in the public interest and comports with the public policy of the State of Arkansas regarding workplace safety.

**37.**    Gary Jones has been damaged by the actions of the Defendant and has sustained lost wages and benefits, damage to his reputation, and emotional stress.

**38.**    As a result of Defendants' actions, Gary Jones is entitled to back pay, front, compensation for lost benefits, and any other actual and compensatory damages, as well as punitive damages and attorney's fees.

### Demand for Jury Trial

39.    Plaintiff demands a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, the Appellant, prays this honorable Court enter judgment as follows:

a.    for Plaintiff on his claim of wrongful discharge and awarding back pay, front pay, and

other actual, compensatory and punitive damages;

b.    award of attorney's fees, costs, and interest; and

c.    for all other and further relief as may be just and proper.

Respectfully submitted,

Mickey Stevens,   Ark. Bar No. 2012141
Attorney for Appellant
P.O. Box 2165
Benton, AR 72018
T:  501-303-6668
F:  877-338-6063
mickeystevens@outlook.com